■ PERINI CORPORATION, Respondent, v CITY OF NEW YORK, Appellant. [998 NYS2d 11]—

Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered August 13, 2013, which granted plaintiff's motion to dismiss defendant's seventeenth and eighteenth affirmative defenses and first and second counterclaims alleging fraud in the inducement and fraud/illegality in the performance, respectively, as time-barred, unanimously affirmed, without costs.

Plaintiff's statute of limitations defense is not barred by the doctrine of law of the case, which "applies only to legal determinations resolved on the merits" (*Thompson v Cooper*, 24

AD3d 203, 205 [1st Dept 2005]). The order that granted defendant leave to amend its answer to include the subject affirmative defenses and counterclaims did not mention the statute of limitations.

The record amply supports a finding that, with due diligence, defendant could have discovered the fraud more than two years before it brought its fraud counterclaims (*see* CPLR 213 [8]; *Ghandour v Shearson Lehman Bros.*, 213 AD2d 304 [1st Dept 1995], *lv denied* 86 NY2d 710 [1995]). We reject defendant's contention that it did not know of the fraud, since "[i]t is knowledge of facts not legal theories that commences the running of the two-year limitations period" (*TMG-II v Price Waterhouse & Co.*, 175 AD2d 21, 23 [1st Dept 1991], *lv denied* 79 NY2d 752 [1992]). In particular, the November 2002 letter from defendant's own resident engineer indicated that plaintiff had provided " 'contrived paperwork in an effort to prove higher DBE [Disadvantaged Business Enterprises] participation' " to qualify for the municipal contract. The February 2003 letter from the State Department of Transportation to the City Department of Transportation indicated that one of plaintiff's DBE contractors did not do any work on the project and that plaintiff had actually performed the work of one of its other contractors. Moreover, a 2004 press release indicated that plaintiff had been involved in a conspiracy to commit fraud, and a May 8, 2007 article in The New York Daily News stated that plaintiff was under investigation by the U.S. Attorney's office for its activities involving DBE contractors.

Contrary to defendant's contention, its denial of knowledge of the fraud in its counterclaim complaint and in the affidavits upon which it relied is not entitled to be accepted as true because it is contradicted by the documentary evidence (*see Skillgames, LLC v Brody*, 1 AD3d 247, 250 [1st Dept 2003]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Manzanet-Daniels, Gische and Clark, JJ. **[Prior Case History: 2013 NY Slip Op 31879(U).]**